# MDL-1981

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Oct 09, 2008

FILED
CLERK'S OFFICE

**UNITED STATES JUDICIAL PANEL**
**on**
**MULTIDISTRICT LITIGATION**

**IN RE: AON CORP. WAGE & HOUR EMPLOYMENT PRACTICES LITIGATION**

Angela J. Piersanti v. AON Risk Services of Maryland, Inc., N.D. Illinois, C.A. No. 1:08-1952
Denise Mariette Miller, et al. v. AON Corp., et al., S.D. New York, C.A. No. 1:08-4510

MDL No. 1981

Pleading No. 11

## TRANSFER ORDER

**Before the entire Panel**: Defendants Aon Corp., Aon Risk Services of Maryland, Inc., Aon Risk Services Co., and Aon Risk Services Northeast, Inc., have moved, pursuant to 28 U.S.C. § 1407, to centralize this litigation in the Northern District of Illinois. This litigation currently consists of two actions pending, respectively, in the Northern District of Illinois and the Southern District of New York. Plaintiffs in the Southern District of New York action oppose the motion.

On the basis of the papers filed and hearing session held, we find that these two actions involve common questions of fact, and that centralization under Section 1407 in the Northern District of Illinois will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions share factual questions arising out of similar allegations that current and former specialists working for defendants are entitled to overtime compensation under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.*, and analogous state laws. Centralization under Section 1407 will eliminate duplicative discovery; prevent inconsistent pretrial rulings; and conserve the resources of the parties, their counsel and the judiciary.

Plaintiffs in the Southern District of New York action argue against transfer, *inter alia*, that (1) there are only two actions involved in this litigation; (2) the classes in the actions are not identical, and (3) alternative means of coordination among the actions would be preferable. These are certainly reasonable arguments. Moreover, the claims and proof in these cases do not seem overly complicated. Nevertheless, the two putative class and collective actions do present overlapping factual allegations, which will likely require duplicative discovery and motion practice, given defendants' assertion that all employees at issue were managed from Illinois by Aon Client Services, Inc. Centralizing these actions under Section 1407 should streamline resolution of this litigation to the overall benefit of the parties and the judiciary.

We are persuaded that the Northern District of Illinois is an appropriate transferee forum. The Northern District of Illinois is where the relevant decision makers and documents will likely be found.

OFFICIAL FILE COPY

IMAGED Oct 09 2008

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the action pending in the Southern District of New York is transferred to the Northern District of Illinois and, with the consent of that court, assigned to the Honorable Charles P. Kocoras for coordinated or consolidated pretrial proceedings with the action pending in that district.

PANEL ON MULTIDISTRICT LITIGATION

John G. Heyburn II
Chairman

J. Frederick Motz
Kathryn H. Vratil
W. Royal Furgeson, Jr.
Robert L. Miller, Jr.
David R. Hansen